Curia, per

Dunkin, Ch.
In England, where lands are not liable for simple contract debts, the Courts have been sometimes astute in giving such construction to a will as would charge the real estate and do justice to the creditor. In South Carolina, the whole estate is charged, by law, with the payment of debts; but, in the absence of any special direction by the testator, certain rules have been adopted in the marshalling of assets. One of these is, that descended real estate shall be applied before a resort is had to personalty specifically bequeathed. But, as has been elsewhere intimated, a testator has the right to prescribe a law for the disposition of his estate, which is obligatory upon all claiming as volunteers. The inquiry always is, has the testator expressed an intention to have his assets marshalled in a different manner from that prescribed by law ? “ Does there *30 appear, from the whole testamentary disposition taken to-gg^-,^ an intention on the part of the testator, so expressed as to convince a judicial mind, that it was meant not merely to charge the estate secondarily liable, but so to charge it as to exempt the estate primarily liable?” If lands are specially devised for the payment of debts — if, as in Pell v. Ball, the testator directs his debts to be paid out of the proceeds of the crops of his estate, or, as in Pinckney v. Pinckney, where he directed them to be paid from the income of a certain plantation and slaves, in all such cases the testator’s intention, being' clearly manifested, is respected and enforced by the Court. He has set apart or indicated a fund for the payment of his debts, which must be first exhausted before the Court will permit an inquiry as to any other fund.
2 Rich. Eq. 218.
Can this be said of Brown’s will ? Is there any expression to satisfy a judicial mind that he had indicated any part of his estate for the payment of his debts in exoneration of any other part? If he had said, “Imprimis, I direct all my debts to be paid. — Secondly, after payment of my debts, I leave my Congaree plantation to A — and one hundred ne-groes, by name, to B,” and then had left a large real and personal estate of which he made no disposition — would it be said that the debts must be paid, not out of the intestate estate, but out of the plantation devised to A, or the negroes specifically bequeathed to B ? The language of the will is no more than this — “ Imprimis, I desire that all my debts and funeral expenses be paid. — Secondly, that being done, I give,” &c. The testator desired, in common parlance, to be just before he was generous; and this is the only intention which the Court can collect from the expressions used.
It is ordered and decreed that the appeal be dismissed.
The whole court concurred.

Decree affirmed.